## BURSEY, et al v. PALMER.

Circuit Court, Palm Beach County.

May 3, 1955.

Phillips & Nugent, West Palm Beach, for plaintiffs.

Earnest, Lewis, Smith & Jones, West Palm Beach, for defendant.

C. E. CHILLINGWORTH, Circuit Judge.

During the jury trial of these two combined cases, the court granted the defendant's motion to declare a mistrial.

Without in any way waiving the action of the court in granting that motion, counsel for all parties stipulated that the case proceed before the court without a jury, and that a judgment be rendered by the court on the evidence taken before the jury as well as the evidence taken before the court.

The car in which plaintiff was driving and another plaintiff in the other suit was a passenger, came to a complete stop at a traffic intersection on South Dixie Highway in West Palm Beach. The car being driven by the defendant was slightly ahead of the plaintiff's car and also came to a full stop. From that point on, there is much conflict in the testimony.

The parties disagree as to where the accident took place as between several different intersections. It is clear that the defendant endeavored to make a turn to the left and in the process of that endeavor, was struck by the plaintiff's car from the rear. The left hand front fender struck the right hand rear bumper of the defendant's car. The defendant and his witnesses assert that his

car was standing still when struck by plaintiff's car. The force of the impact was slight.

The defendant urges that the accident could not possibly have happened as the two plaintiffs, who were in the car at the time, testified during the trial.

The existence or non-existence of negligence on the part of the plaintiff driver and defendant driver—all must be viewed in the light of the happenings that took place in the few seconds after the cars got under way and up until the time of the impact. It is reasonable to expect that no two people of the six who were in the two cars could give identical answers to identical questions.

This court determines that the defendant was negligent in not giving a signal of his intention to make the turn. The plaintiff driver was not negligent. She applied her brakes just as soon as she realized the defendant was making a turn. She had no opportunity to avoid the collision. She had no reason to believe the defendant intended to turn.

The court therefore finds for the plaintiffs.

The medical bills were not great. There were no substantial personal injuries. One plaintiff suffered some back injuries and another plaintiff suffered headaches, but in neither instance can these be directly attributed to the accident.

The two plaintiff wives lost no time from their normal pursuits. The husbands sustained slight loss of consortium.

The court awards damages to the plaintiff, Gloria Bedell, in the amount of $1,000, to Roger Bedell in the amount of $400, to June S. Bursey in the amount of $500, and to Robert C. Bursey in the amount of $200, making a total of $1,400 in common law case #14,642, and $700 in common law case #14,624.

It is ordered that the plaintiffs do have and recover such sums from the defendant, with costs, for which let execution issue.